**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| SHELLY FITZPATRICK,<br>9726 Appolds Road<br>Rocky Ridge, MD 21778<br>   Frederick County<br><br>       Plaintiff;<br><br>v.<br><br>USAA SAVINGS BANK,<br>3773 Howard Hughes Parkway<br>Las Vegas, NV 89169<br>   SERVE:<br>CSC Services of Nevada<br>2215-B Renaissance Drive<br>Las Vegas, NV 89119<br><br>       Defendant. | **Civil Action No.**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br>**(Telephone Consumer Protection Act)**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

SHELLY FITZPATRICK ("Plaintiff"), by and through her attorneys, alleges the following against USAA SAVINGS BANK ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

## **JURISDICTION AND VENUE**

2. Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in the county of Frederick, city of Rocky Ridge, Maryland.

6. Defendant is a corporation organized under the laws of Maryland, doing business in the state of Maryland, with its principal place of business in Las Vegas, Nevada.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (719) 359-37XX.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, (800) 531-0378, (800) 531-7013, (210) 531-8722, (800) 531-8722.

11. Per its prior business practices, Defendant's calls were placed with an automated

telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, SHELLY FITZPATRICK.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On February 8, 2018, Plaintiff spoke with Defendant's female representative at (800) 531-0378 and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation on February 8, 2018, Plaintiff gave Defendant her social security number, phone password, date of birth, and last four numbers of her credit card to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone (719) 359-37XX.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on February 8, 2018.

19. Despite Plaintiff's request, Defendant continued to place telephone calls to Plaintiff's cellular telephone after February 8, 2018.

20. Despite Plaintiff's repeated request that Defendant cease placing automated collection calls, Defendant placed at least Three Hundred and Eighty-One (381) automated calls to Plaintiff's cellular telephone after February 8, 2018.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227**

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one

of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff, SHELLY FITZPATRICK, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, for the following:

### FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (381), $190,500.00;

31. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

32. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (381), $571,500.00;

33. Actual damages and compensatory damages according to proof at time of trial;

### ON ALL CAUSES OF ACTION

34. Costs and reasonable attorneys' fees;

35. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated: October 15, 2018                    RESPECTFULLY SUBMITTED,

<u>/s/ Anitra Ash-Shakoor</u>

Anitra Ash-Shakoor
(Federal Bar No. 18701)
a.ashshakoor@capitaljustice.com
CAPITAL JUSTICE
Franklin Square Center
1300 I Street NW, Suite 400E
Washington, DC 20005
 Phone: (202) 465-0888
 Fax: (202) 827-0089


James A. Sellers, II
(*Pro hac vice* application to follow)
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Road, Suite 310
Corona, CA 92880
Phone: (657) 363-4699
Email: JamesS@jlohman.com